**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS GREENWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-10468** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PODS ENTERPRISES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Thomas Greenwood ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against PODS Enterprises, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation against Plaintiff for requesting and using FMLA leave.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.* and 29 U.S.C. § 2601 *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq* have occurred or been complied with.

6. A charge of employment discrimination on the basis of disability and retaliation was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") on or about August 18, 2026, and was assigned EEOC Charge No. 440-2026-10233 (attached hereto as Exhibit "A").

7. The EEOC issued Plaintiff a Notice of Right to Sue on August 24, 2026 (attached hereto as Exhibit "B"), and this Complaint is filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

8. At all times material to the allegations of this Complaint, Plaintiff, Thomas Greenwood, resides in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, PODS Enterprises, LLC is a limited liability company doing business in and for Cook County whose address is 2075 George St, Melrose Park, Illinois 60160.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4).

11. Plaintiff was employed by Defendant for at least twelve months, from in or around

March 2022 until his termination in August 2026.

12. During the twelve-month period preceding his request for FMLA leave, Plaintiff worked at least 1,250 hours of service for Defendant as a full-time Class B Driver.

13. Defendant employed fifty or more employees within seventy-five miles of Plaintiff's worksite.

14. Plaintiff was therefore an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2).

15. During the applicable limitations period, Defendant has had at least fifteen employees for each working day in each of twenty or more calendar workweeks, has been an "employer" as defined by the ADA, 42 U.S.C. § 12111(5)(A), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

16. During the applicable limitations period, Defendant employed approximately 101 to 200 employees, and thus employed fifty or more employees for each working day in each of twenty or more calendar workweeks in the current or preceding calendar year, making Defendant an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4).

## BACKGROUND FACTS

17. Plaintiff was employed by Defendant as a Class B Driver from in or around March 2022 until his termination on or about August 11, 2026.

18. Plaintiff was primarily assigned to Defendant's Melrose Park, Illinois market, and for a period of several months also worked in Defendant's St. Louis, Missouri market.

19. Plaintiff was qualified to perform the essential functions of his position, with or without reasonable accommodation.

20. Plaintiff has a history of cancer.

21. Plaintiff's history of cancer constitutes a physical impairment that substantially limits one or more of Plaintiff's major life activities, and/or a record of such an impairment.

22. Defendant was aware of Plaintiff's history of cancer during his employment.

23. Plaintiff is a qualified individual with a disability as defined under the ADA.

24. During his employment, Plaintiff routinely used his cell phone to clock in and out of work.

25. Plaintiff had previously been authorized by members of Defendant's management and human resources to use his cell phone for this purpose.

26. Plaintiff observed other employees, including employees in the Melrose Park market, using their cell phones to clock in and out.

27. This practice was common among Defendant's employees and was not treated as misconduct.

28. On August 6, 2026, after Plaintiff returned to the Melrose Park market, Plaintiff's manager, Ed Brettell, sent a group text message to Plaintiff and three other employees.

29. The message stated, "Everyone on this text had been caught clocking in or out with your cell phones. This must stop and I am not sure what will come of this."

30. After receiving this message, Plaintiff stopped using his cell phone to clock in and out.

31. On August 7, 2026, Plaintiff requested intermittent FMLA leave due to his history of cancer and the need to attend a medical appointment with his physician.

32. Defendant approved Plaintiff's request for intermittent FMLA leave.

33. Plaintiff used his approved FMLA leave on August 8, 2026.

34. On August 10, 2026, when Plaintiff returned to work, Ed Brettell called Plaintiff into his office, told Plaintiff he was being placed under investigation, and sent Plaintiff home.

35. Defendant did not give Plaintiff a meaningful explanation for the investigation or identify any specific misconduct beyond the prior cell phone clock in allegation.

36. On August 11, 2026, Plaintiff received an email informing him that his employment had been terminated.

37. The timing of Plaintiff's termination closely followed Plaintiff's request for and use of approved FMLA leave.

38. Other employees, including Noel Jones, Chris, and at least one other employee whose name Plaintiff does not know, also used their cell phones to clock in and out and were coached about the practice on August 6, 2026.

39. Unlike Plaintiff, those other employees were not terminated for using their cell phones to clock in and out.

40. Defendant's stated reason for Plaintiff's termination was pretextual, as the cell phone clock in practice had previously been authorized and was commonly used by other employees who were not terminated.

41. Plaintiff was treated less favorably than similarly situated employees outside of his protected class.

42. Defendant did not engage with Plaintiff in an interactive process to determine an appropriate reasonable accommodation for Plaintiff's disability, as required by the ADA.

43. Defendant effectively denied Plaintiff's request for reasonable accommodation.

44. Ultimately, on or about August 11, 2026, Defendant terminated Plaintiff's

employment on the basis of Plaintiff's disability, perceived disability, and/or history of cancer, and in retaliation for Plaintiff's request for and use of protected medical leave.

45. The close temporal proximity between Plaintiff's approved FMLA leave and his termination, together with Defendant's failure to explain the investigation and its disparate treatment of comparable employees, shows that Plaintiff's termination was motivated by his protected leave and disability.

**COUNT I**
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

48. Plaintiff met or exceeded performance expectations.

49. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

50. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

51. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

52. Plaintiff's disability was a motivating factor in, and/or the but-for cause of, Defendant's decision to terminate Plaintiff's employment.

53. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

55. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if fully stated herein.

56. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

57. Plaintiff is a qualified individual with a disability.

58. Defendant was aware of the disability and the need for accommodations.

59. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

60. The reasonable accommodation Plaintiff requested was not an undue burden on Defendant.

61. Defendant did not accommodate Plaintiff's disability.

62. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

63. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

64. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Americans with Disabilities Act**
**(Retaliation)**

65. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if fully stated herein.

66. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

67. During Plaintiff's employment with Defendant, Plaintiff requested a reasonable accommodation for his disability and requested and used approved FMLA leave related to his disability.

68. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., and 12203.

69. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's request for reasonable accommodation and use of protected medical leave, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., and 12203.

70. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

71. Plaintiff's request for reasonable accommodation and/or his use of protected medical leave was a motivating factor in, and/or the but-for cause of, Defendant's decision to terminate Plaintiff's employment.

72. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

73. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
**Violation of the Family and Medical Leave Act**
**(FMLA Interference - Unlawful Denial of FMLA Rights)**

74. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if fully stated herein.

75. Plaintiff was an eligible employee entitled to leave under the FMLA at the time he requested leave in August 2026.

76. Plaintiff gave Defendant proper notice of his need for leave by requesting intermittent FMLA leave due to his history of cancer, and Defendant approved that request.

77. Defendant controlled Plaintiff's work schedule and conditions of employment.

78. Plaintiff used his approved FMLA leave on August 8, 2026.

79. Shortly after Plaintiff used his approved FMLA leave, Defendant placed Plaintiff under investigation and terminated his employment.

80. By terminating Plaintiff's employment because he requested and used FMLA leave, Defendant interfered with, restrained, and denied Plaintiff's exercise of rights guaranteed under the FMLA, in violation of 29 U.S.C. § 2615(a).

81. Defendant acted in willful or reckless disregard of Plaintiff's protected rights.

82. Defendant's violation of the FMLA was willful, and was not undertaken in good faith or upon reasonable grounds for believing that its conduct complied with the FMLA.

83. As a direct and proximate result of the interference described above, and pursuant to 29 U.S.C. § 2617, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

84. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if fully stated herein.

85. Defendant terminated Plaintiff after Plaintiff requested and took FMLA leave.

86. Defendant terminated Plaintiff because he requested and used FMLA leave, as described above.

87. Specifically, Plaintiff requested intermittent FMLA leave due to his history of cancer.

88. Defendant has intentionally engaged in an unlawful employment practice in violation of the FMLA, 29 U.S.C. § 2615(a), by retaliating against Plaintiff for having requested to take leave for medical reasons.

89. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

90. Defendant's violation of the FMLA was willful, and was not undertaken in good faith or upon reasonable grounds for believing that its conduct complied with the FMLA.

91. As a direct and proximate result of the retaliation described above, and pursuant to 29 U.S.C. § 2617, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Reinstatement to the position of employment Plaintiff held prior to his unlawful termination, or front pay in lieu of reinstatement;

b. Back pay with interest;

c. Payment of interest on all back pay recoverable;

d. Front pay;

e. Loss of benefits;

f. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

g. Compensatory and punitive damages;

h. Appropriate declaratory and equitable relief;

i. Reasonable attorneys' fees and costs;

j. Expert witness fees;

k. Award pre-judgment interest if applicable; and

l. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of August, 2026.

***/s/ Travis Lampert***
**TRAVIS P. LAMPERT, ESQ.**
**MOHAMMED O. BADWAN, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
tlampert@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorney for Plaintiff*